JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KELLER COOPER, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | Case No. CV 23-03109-FMO (AGR) <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND/OR COMPLY WITH COURT ORDER** |

On April 17, 2023, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983, (Dkt. 1, "Complaint"), along with a request to proceed in this action without prepayment of the filing fees, (Dkt. 2, "IFP Request"). On May 1, 2023, the Court issued an order in response to Plaintiff's IFP Request, advising Plaintiff that he had not submitted sufficient information for the Court to determine his eligibility to proceed without prepayment of the filing fees and postponing ruling on the IFP Request for 30 days to allow Plaintiff an opportunity to provide the necessary information. (Dkt. 4, "Order"). The Court cautioned Plaintiff that his failure to respond to the Order could result in this action being dismissed. (Id.).

More than 30 days have now passed and Plaintiff has not responded to the Court's May 1, 2023 Order or otherwise communicated with the Court.

Accordingly, IT IS HEREBY ORDERED THAT this action is DISMISSED without prejudice for Plaintiff's failure to prosecute and/or comply with the Court's May 1, 2023 Order. See Fed. R. Civ. P. 41(b); see also Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte [pursuant to Rule 41(b)] for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (court may dismiss action for failure to follow court order).

Dated this 9th day of June, 2023.

/s/
_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE